UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------

| | |
|---|---|
| MARCUS BONNER,<br><br>                    Plaintiff,<br><br>       -against-<br><br>CITY OF NEW YORK, IBRAHIM ADAM, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                    Defendants. | **COMPLAINT**<br><br>Index No.:<br><br><u>Jury Trial Demanded</u> |

---------------------------------------------------------------------------------

Plaintiff MARCUS BONNER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff MARCUS BONNER is a thirty-three-year old resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, IBRAHIM ADAM, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On September 23, 2018, at approximately 10:55 p.m., in front of plaintiff's residence at the time, located at 495 Fountain Avenue, Brooklyn, New York, defendant NYPD officers IBRAHIM ADAM and JOHN DOE 1 unlawfully arrested plaintiff and fabricated evidence against him.

13. At the aforementioned date, time and location, plaintiff was standing in front of 495 Fountain Avenue holding two cell phones.

14. Plaintiff was attempting to connect one of the cell phones to the hotspot of the other cellphone, when he was approached by defendant officers ADAM and JOHN DOE 1.

15. At that time, defendants ADAM and JOHN DOE 1 falsely arrested plaintiff.

16. Defendants ADAM and JOHN DOE 1 grabbed plaintiff's arms, positioned his back against scaffolding bars in a painful manner, and then placed extremely overtight handcuffs on plaintiff's wrists.

17. Plaintiff was then unreasonably shoved into the back of a police vehicle, and an officer pushed plaintiff's head into one of the vehicle's windows.

18. Plaintiff was transported from the location of his arrest to the 75th Precinct, PSA 2.

19. Plaintiff complained that his handcuffs were too tight, but his complaints were ignored.

20. Upon arriving at the precinct, plaintiff requested medical attention for his wrists, which were burning and bleeding from the overtight handcuffs.

21. After an unreasonable wait for medical attention, plaintiff was taken to Kings County Hospital via an ambulance, where he received treatment for his writs.

22. Following his medical treatment, plaintiff was transported back to the precinct and imprisoned therein.

23. The defendant officers continued to imprison plaintiff until September 24, 2018, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number CR-043068-18KN; said charges having been filed based on the false allegations of defendant officer ADAM.

24. Defendants ADAM and JOHN DOE 1 created and manufactured false evidence which was conveyed to the Kings County District Attorney's office by ADAM and used against plaintiff in the aforementioned legal proceeding. Specifically, defendant ADAM swore to false claims that he observed plaintiff in possession of marijuana. Contrary to ADAM's claims, plaintiff did not possess any marijuana, nor was any marijuana recovered during plaintiff's arrest.

25. As a result of the defendants' misconduct, plaintiff was compelled to return to court on at least three occasions until December 20, 2018, on which date all false charges lodged against him were adjourned in contemplation of dismissal and thereafter dismissed and sealed.

26. Defendants ADAM, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

27. Defendant NYPD officers ADAM and JOHN DOE 1 through 10 owed a duty to plaintiff to ensure his safety in their custody.

28. Defendant NYPD officers ADAM and JOHN DOE 1 through 10 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in

their custody.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

30. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

31. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff MARCUS BONNER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff MARCUS BONNER sustained, *inter alia*, physical injuries, emotional distress and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendant officers arrested plaintiff MARCUS BONNER without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendant officers caused plaintiff MARCUS BONNER to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendant officers unreasonably shoved plaintiff causing his head to strike a window and handcuffed plaintiff in an overtight manner, causing severe pain, discomfort and bruising to plaintiff's wrists, and otherwise in violation of plaintiff's constitutional rights.

45. As a result of the aforementioned conduct of the defendant officers, plaintiff MARCUS BONNER was subjected to excessive force and sustained physical injuries and emotional distress.

46. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant officers reported false allegations against plaintiff MARCUS BONNER.

49. Defendant officers utilized this false evidence against plaintiff in legal proceedings.

50. As a result of defendants' false allegations, which defendants conveyed to the Kings County District Attorney's Office, plaintiff suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

51. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiff MARCUS BONNER, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff MARCUS BONNER was arrested,

subjected to excessive force and he was denied his right to a fair trial.

56.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, unjustifiably arresting individuals, subjecting them to excessive force, and manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARCUS BONNER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARCUS BONNER.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARCUS BONNER as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARCUS BONNER as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARCUS BONNER was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical injuries.

67. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff MARCUS BONNER'S constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff MARCUS BONNER of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

69. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

72. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

75. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants arrested plaintiff MARCUS BONNER without probable cause.

78. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

79. As a result of the aforementioned conduct, plaintiff MARCUS BONNER was unlawfully imprisoned in violation of the laws of the State of New York.

80. As a result of the aforementioned conduct, plaintiff MARCUS BONNER suffered physical and emotional injury, and loss of freedom.

81. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, and manufactured evidence against plaintiff MARCUS BONNER.

85. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(<u>Negligent Training and Supervision under the laws of the State of New York</u>)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

89. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

92. Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

93. As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARCUS BONNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 20, 2019

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff MARCUS BONNER
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By: *Brett Klein*
     BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------

MARCUS BONNER,

                                                  Plaintiff,

                                                  Docket No.

    -against-

CITY OF NEW YORK, IBRAHIM ADAM, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                Defendants.

---------------------------------------------------------------------------------

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132